U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 14 2017
CLERK, U.S. DISTRICT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| QUENTIN PETE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-594-A |
| | § | |
| CAPITAL ONE, NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Now pending are the motion of plaintiff, Quentin Pete, for remand and the motion of defendant, Capital One, N.A.[1], to dismiss. As explained below, the court finds that the motions should be denied and that plaintiff should be given an opportunity to file an amended complaint.

I.

Underlying Procedings

The record reflects that, on June 12, 2017, plaintiff filed his original petition in the 96th Judicial District Court of Tarrant County. In it, plaintiff named Capital One Bank, N.A., as defendant. Doc.[2] 5, App.002. Plaintiff requested the clerk of the state court to serve the defendant by registered or certified

---

[1] Capital One, N.A., says that it was improperly named "Capital One, National, Association." The state court papers reflect that plaintiff named "Capital One, National Association" as defendant in its first amended petition. Doc. 5, App. 012. Defendant appears to have inserted the extra comma, which is an obvious typographical error.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

mail, return receipt requested. Id. at App.011. The clerk did so by serving the named defendant's registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service ("Agent"). Id. at App. 020-023. Agent then sent a letter to plaintiff purporting to reject service of process for the reason that plaintiff had not properly named defendant. Doc. 11 at 015. Agent did not forward the original petition to defendant. Doc. 15 at 010.

On June 27, 2017, plaintiff filed his first amended petition, this time naming Capital One, National Association as defendant. Doc. 5, App. 012. The first amended petition was served on Agent by the clerk in the same manner as the original petition. Doc. 5, App. 024-027. This time, Agent forwarded the pleading to defendant, which received it on July 5, 2017. Doc. 15 at 010.

On July 24, 2017, defendant filed its notice of removal, bringing the action before this court. Doc. 1. On July 31, 2017, defendant filed its motion to dismiss. Doc. 6. Plaintiff has not responded to the motion. On August 18, 2017, plaintiff electronically filed his second amended complaint. Doc. 7. That document was stricken as it violated the undersigned's judge-specific requirement that does not allow electronic filing. Doc. 8.

II.

## Grounds of the Motions

Plaintiff maintains that defendant did not timely file its notice of removal and, for that reason, the action must be remanded to the state court.

Defendant maintains that plaintiff has not pleaded sufficient facts to state a plausible claim for relief.

III.

## Applicable Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are

3

unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." <u>Anderson v. U.S. Dep't of Housing & Urban Dev.</u>, 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been

4

violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

IV.

Analysis

A. Motion to Remand

Under Title 28, United States Code, section 1446(b), a notice of removal must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Thus, there are two conditions precedent to removal: (1) formal service of process, and (2) actual notice. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999); Medina v. JIK Cayman Bay Exchange, LLC, No. 3:13-CV-3263-B, 2014 WL 923962, at *3 (N.D. Tex. Mar. 7, 2014). And, courts agree that the thirty-day removal period begins after receipt by the named defendant of the pleading and not simply after service on the its agent. Medina, 2014 WL 923962, at *3; Barrackman v. Banister, No. H-06-3622, 2007 WL 189378, at *1 (S.D. Tex. Jan. 22, 2007)(citing cases).

Here, the record reflects that defendant did not have notice of plaintiff's lawsuit until it received the first amended petition on July 5, 2017. The notice of removal filed July 24, 2017, was timely. Accordingly, the motion for remand must be denied.

B.  Motion to Dismiss

Although plaintiff failed to respond to defendant's motion to dismiss, it appears that plaintiff can plead facts to support his claims.[3] See Doc. 7. And, the court's practice is to require amended pleadings after an action has been removed from state court. Accordingly, the court will give plaintiff an opportunity to file an amended complaint.

V.

Order

The court ORDERS that:

(1) plaintiff's motion for remand be, and is hereby, denied;

(2) defendant's motion to dismiss be, and is hereby, denied;

(3) by 4:00 p.m. on September 21, 2017, plaintiff file his second amended complaint in compliance with the pleading requirements of the Federal Rules of Civil Procedure[4] and the

---

[3]The court is not opining about the sufficiency of the second amended complaint.

[4]Plaintiff is to pay particular attention to, and comply with, the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, as explained and clarified by the Supreme Court in Bell Atl.
(continued...)

Local Civil Rules of the United States District Court for the Northern District of Texas, and the judge-specific requirements of the undersigned; and

(4) by 4:00 p.m. on September 28, 2017, defendant file an answer or other response to plaintiff's second amended complaint in compliance with the requirements of the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Northern District of Texas, and the judge-specific requirements of the undersigned.

The court further ORDERS that failure of any party to comply with this order may result in the imposition of sanctions, up to and including dismissal of plaintiff's claims or granting of a default judgment, as appropriate, without further notice.

SIGNED September 14, 2017.

_____
JOHN McBRYDE
United States District Judge

---

[4](...continued)
Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), as well as the requirements of Rules 9(b) and 10 of the Federal Rules of Civil Procedure.