IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| QUENTIN PETE, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-594-A |
| | § | |
| CAPITAL ONE, N.A. | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion of defendant, Capital One, N.A., for summary judgment on the claims of plaintiff, Quentin Pete, against it. Having considered the motion, plaintiff's response thereto, defendant's reply, plaintiff's surreply, the entire record in this action, and the applicable legal authorities, the court finds that the motion should be granted and that the claims asserted by plaintiff against defendant should be dismissed with prejudice.

I.

Relevant Procedural Background

Plaintiff initiated this action on June 12, 2017, by the filing of an original petition in the District Court of Tarrant County, Texas, 96th Judicial District. On July 24, 2017, defendant removed the action to this court. On September 20, 2017, plaintiff filed an amended complaint, titled "Plaintiff's

Second Amended Complaint," asserting as Count 1 race and color discrimination arising under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, as Count 2 race and color discrimination arising under Chapter 21 of the Texas Labor Code, and as Count 3 a violation of 42 U.S.C. § 1981. On April 19, 2018, plaintiff amended his complaint to add as Count 4 a claim that defendant violated plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2654, by failing to provide plaintiff requisite notices.

II.

## Defendant's Motion for Summary Judgment and Plaintiff's Response

A. <u>Defendant's Motion for Summary Judgment</u>

On May 10, 2018, defendant filed the motion for summary judgment now before the court. Defendant seeks summary judgment on plaintiff's claims against it on the following grounds:

1. Plaintiff cannot establish a <u>prima facie</u> case of race or color discrimination "because he cannot prove that Capital One treated non-African American, Black employees more favorably under 'nearly identical' circumstances." Doc.[1] 73 at 2.

2. Plaintiff's color discrimination claims fail for the additional reason that plaintiff failed to exhaust his

---

[1] The "Doc.___" references are to the numbers assigned to the referenced items on the docket in this action, No. 4:17-CV-594-A.

administrative remedies relative to the claims because he did not file a charge of discrimination with the Texas Workforce Commission or the Equal Employment Opportunity Commission.

3. Even if plaintiff could establish a prima facie case of discrimination, defendant has articulated a legitimate, nondiscriminatory reason for terminating plaintiff--that plaintiff violated a company policy and falsified documents--which plaintiff admitted in his deposition was not pretext.

4. Plaintiff's FMLA claim has no basis in law because plaintiff was provided notice in May and June 2016 of his eligibility for FMLA leave.

5. All of plaintiff's claims are barred by judicial estoppel due to plaintiff's failure to disclose the claims asserted in this action to the bankruptcy court during the pendency of his bankruptcy proceeding, which was filed in 2013 and finally discharged in October 2017.

B. Plaintiff's Response to Defendant's Motion for Summary Judgment

On May 31, 2018, plaintiff filed his response to defendant's motion. Omitted from plaintiff's response was any argument related to the merits of plaintiff's Counts 1, 2, or 3 claims. Plaintiff made specific reference to any of those claims only once, doc. 76 at 1, and provided no evidence on the subject.

3

The response focused on plaintiff's asserted FMLA claim. As to the merits of this claim, plaintiff asserted that absent any evidence in the record regarding the applicable 12-month period to which the eligibility notice exception identified in 29 C.F.R. § 825.300(b)(3) might apply, "it should be presumed that [plaintiff's] applicable 12-month period in which he took paternity leave ended prior to the onset of his Bell's Palsy and, thus, he was entitled to a new eligibility notice." Doc. 76 at 5. He also argued that defendant's prior notices did not relieve it of its specific notice obligations to plaintiff under any circumstances.

Plaintiff argued that his claims should not be barred by judicial estoppel because any failure to disclose such claims to the bankruptcy court was inadvertent. On that point, plaintiff specifically argued he did not know or suspect that a certain set of facts occurring during the pendency of his bankruptcy case gave rise to the claim he now asserts until a conversation with counsel several months after his discharge from bankruptcy, with the result that he could not have disclosed existence of those claims to the bankruptcy court, and, further, that he lacked a motivation for nondisclosure of any of his claims.

III.

## Applicable Legal Principles

A. Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead

a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

---

[2]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict by saying:
> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury.

F.3d 258, 262 (5th Cir. 2012). "[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. . . . because of potential financial benefit resulting from the nondisclosure." Love, 677 F.3d at 262 (quoting Thompson v. Sanderson Farms, Inc., No. 3:04CV837-WHB-JCS, 2006 U.S. Dist. LEXIS 48409, at *12-13 (S.D. Miss. May 31, 2006)).

IV.

Analysis

A. Plaintiff Abandoned His Counts 1, 2, and 3 Claims

As mentioned above, plaintiff failed to address in his summary judgment response any of the arguments raised by defendant in its motion as to the merits of plaintiff's Counts 1, 2, or 3 claims. Because plaintiff has not responded to such arguments, much less offered any evidence on those subjects, the court finds that plaintiff has failed to raise a genuine issue of material fact as to Counts 1, 2, and 3. Malacara v. Garber, 353 F.3d 393, 404 (5th Cir. 2003) ("To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action."). Therefore, summary judgment on these claims is proper.

8

B.  **Plaintiff is Judicially Estopped From Bringing His Count 4 Claim**

Plaintiff filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, on February 4, 2013. The action was styled as "In re Quentin Pete, Debtor" and assigned Case No. 13-40584-rfn13. In June 2013, a plan was confirmed whereby plaintiff would pay off his scheduled debts over the course of a term of nearly five years. Plaintiff was not required to pay interest on the majority of his debts. By January 2017, plaintiff had paid the outstanding debts in his bankruptcy case. On May 8, 2017, plaintiff's bankruptcy case was closed. By order dated September 12, 2017, plaintiff's motion to reopen the case was granted. On October 6, 2017, after completion of his Chapter 13 plan, plaintiff was finally discharged from bankruptcy. At no point during the bankruptcy proceedings did plaintiff inform the bankruptcy court that he had any potential claims, much less that he had initiated a civil action against defendant.

Based on these facts, defendant argues that plaintiff is estopped from asserting his remaining claim in this action because: The facts giving rise to plaintiff's claims came into existence while his bankruptcy case was still pending, even if toward the very end; plaintiff should have disclosed all of those

9

alleged claims and causes of action in his bankruptcy court filings; plaintiff failed to make such a disclosure to the bankruptcy court; plaintiff was discharged from bankruptcy; and, plaintiff's nondisclosure to the bankruptcy court was not inadvertent. Plaintiff argues that he should not be estopped from bringing his FMLA claim against defendant in this case because any failure to disclose such claim was inadvertent.

A debtor in bankruptcy is under a continuing obligation to disclose to the bankruptcy court all assets, including pending and potential claims that arise post-petition. Flugence v. Axis Surplus Ins. Co. (In re Flugence), 738 F.3d 123, 129 (5th Cir. 2013); Jethroe, 412 F.3d at 600; Superior Crewboats, Inc. v. Primary O & I Underwriters (In re Superior Crewboats, Inc.), 374 F.3d 300, 355 (5th Cir. 2004); In re Coastal Plains, Inc., 179 F.3d at 205. A plaintiff who does not disclose potential claims or causes of action to the bankruptcy court represents that he has no such claims. In re Flugence, 738 F.3d at 130.

A plaintiff relying on inadvertence "may prove either that [he] did not know of the inconsistent position or that [he] had no motive to conceal it from the court." Jethroe, 412 F.3d at 601. Inadvertence, in the present context, requires plaintiff to prove "not that [he] was unaware that [he] had a duty to disclose [his] claims but that . . . [he] was unaware of the facts giving

10

rise to them." Jethroe, 412 F.3d at 601. "Bankruptcy law imposes [the duty to disclose] as long as the debtor has enough information to suggest that he may have a potential claim; the debtor need not know all of the underlying facts or even the legal basis of the claim." U.S. ex rel. Spicer v. Westbrook, 751 F.3d 354, 362 (5th Cir. 2014). "In other words, the controlling inquiry . . . is the knowing of facts giving rise to inconsistent positions." In re Flugence, 738 F.3d at 130 (quoting Jethroe, 412 F.3d at 601 n.4). In the alternative, plaintiff may prove that he had no motivation for nondisclosure. In re Coastal Plains, Inc., 179 F.3d at 210.

Although plaintiff phrases his argument to suggest that he did not become aware of the facts giving rise to his claims until an April 2018 conversation with counsel, in reality, what he is arguing is that he was not aware that such facts might give rise to a cause of action. Such argument is not persuasive, and the court finds controlling not that he was unaware of the legal basis of any claim against defendant, but instead that he was aware of the factual underpinnings. See In re Flugence, 738 F.3d at 130; Jethroe, 412 F.3d at 601 n.4.

In the alternative, plaintiff asserts that he had no motivation for concealment of his claim from the bankruptcy court. "A motivation to conceal may be shown by evidence of a

potential financial benefit that could result from concealment." U.S. ex rel. Long v. GSDMIdea City, L.L.C., 798 F.3d 265, 273 (5th Cir. 2015). "[M]otivation is "almost always met if a debtor fails to disclose a claim or a possible claim to the bankruptcy court. Motivation in this context is self-evident because of the potential financial benefit resulting from nondisclosure." Love, 677 F.3d at 363. In determining whether a debtor had motivation to conceal, "the inquiry focuses on whether [the debtor plaintiff] had a motive to conceal [his] claims during the bankruptcy proceedings." Allen v. C & H Distributiors, L.L.C., 813 F.3d 566, 573-74 (5th Cir. 2015) (internal quotation marks and alterations omitted); See also Love, 677 F.3d at 262 (stating that the relevant time frame is "at the time [the debtor] failed to meet his disclosure obligations").

Plaintiff asserts in support of his position that he had no motivation for nondisclosure: (1) that all of the allowed claims were fully paid in bankruptcy or not discharged, and (2) the fact that plaintiff received a refund of over $1,800.00 for overpayments he made, due to what he refers to as an accounting error, during bankruptcy. Doc. 77 at 4, ¶ 4. Neither of these facts is dispositive or persuasive for the position that plaintiff had no motivation to conceal his claims.

Plaintiff was afforded a period of five years to pay off his debts in bankruptcy. Although plaintiff was required to pay his debts in full, plaintiff was not required to pay interest on the overwhelming majority of his debts. These two facts alone provided plaintiff ample motivation for plaintiff to conceal from the bankruptcy court each of the claims asserted against defendant now. See GDSMIdea City, L.L.C., 798 F.3d at 273 (finding that trial court did not err in finding that five-year no-free payment plan was sufficient motive for concealment). Thus, the court finds that application of judicial estoppel to bar plaintiff's Count 4 claim is appropriate.

V.

Order

For the reasons discussed above,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted.

The court further ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff against defendant be, and are hereby, dismissed with prejudice.

SIGNED June 26, 2018.

JOHN McBRYDE
United States District Judge